NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
28243
09-DEC-2010
10:45 AM**

NO. 28243

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ALLSTATE INSURANCE COMPANY,
Plaintiff-Appellee/Cross-Appellant,
v.
ALBERTO A.F. SILVA,
Defendant-Appellant/Cross-Appellee,
and
BRIAN E. PONCE, ET AL.,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 98-0502)


MEMORANDUM OPINION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant/Cross-Appellee Alberto A. Silva
(Silva) appeals from the September 28, 2006 (1) Final Judgment,
and (2) "Order Granting In Part And Denying In Part Defendant
Alberto A. F. Silva's Motion For Entry Of Judgment Against
Plaintiff Allstate Insurance Company Or Final Order Dismissing
Case; Motion For Attorneys Fees And Costs; Motion To Amend Answer
To Complaint To Include Counterclaim Maturing Or Acquired After
Pleading" (Order re Judgment/Fees), entered in the Circuit Court
of the Third Circuit[1] (Circuit Court). Plaintiff-
Appellee/Cross-Appellant Allstate Insurance Company (Allstate)
cross-appealed.

I.    BACKGROUND

On October 20, 1997, Silva filed a complaint in the
circuit court of the third circuit, Civil No. 97-516,
against [Defendant-Appellee/Cross-Appellee Brian E. Ponce
(Ponce)] alleging, *inter alia*, that Ponce "operated and
controlled a motor vehicle negligently, carelessly, without

---

[1]    The Honorable Greg K. Nakamura presided.

due care, and/or . . . was inattentive to his driving, and as a proximate result of said conduct the motor vehicle he was operating collided with the motorcycle operated by Silva," causing Silva various damages. Silva prayed for the following relief: (1) general damages; (2) special damages; (3) reasonable attorneys fees, expert witness fees, and costs; (4) interest on damages and losses he suffered from the date of the [motor vehicle accident (MVA)] and/or damage computed at the judgment rate provided by law; and (5) such other and further relief as the circuit court might deem just and proper. By letter dated May 22, 1998, Silva informed Allstate that he had brought suit against its insured (i.e., Ponce), that he had served process on Ponce on April 22, 1998, and that "the twenty days to answer or plead otherwise had expired." Silva further requested notification "as to Allstate's position in the matter."

On October 14, 1998 Allstate filed a complaint for declaratory relief in the present matter seeking

> a declaration that neither Ponce nor Silva are entitled to coverage and/or insurance benefit including without limitation a defense and/or indemnity under Ponce's Allstate automobile insurance policy no. 407 086 497 . . . with respect to any claims arising out of Ponce's involvement in an MVA which occurred on June 19, 1997, including any claims asserted in an action entitled *Alberto A.F. Silva v. Brian E. Ponce, et al.*, Civil No. 97-516, Circuit Court of the Third Circuit of the State of Hawaii.

Based on the facts alleged in the complaint, Allstate prayed for the following relief: (1) "a binding declaration by the circuit court that Allstate has no duty to defend and/or indemnify Ponce under the [Hawai'i Joint Underwriting Plan (HJUP)] policy for any claims arising out of the MVA, including without limitations any claims asserted in Civil No. 97-516"; (2) "a binding declaration that Allstate has no duty to make any payments to any person or entity under the HJUP policy for any accident related injuries or claims"; (3) "a binding declaration that even if Ponce qualified as an 'insured' under the subject policy at the time of the MVA, coverage did not apply to the accident since Ponce failed to comply with the notice provisions under the policy"; and (4) "costs, reasonable attorneys' fees, and such other and further relief as the circuit court deemed just and equitable."

*Allstate Ins. Co. v. Ponce*, 105 Hawai'i 445, 450-51, 99 P.3d 96, 101-102 (2004) (original brackets omitted).

After a jury-waived trial on June 26, 2000, the Circuit Court entered judgment in favor of Allstate and against Ponce and Silva with respect to all claims alleged in the complaint for declaratory relief. *Id.* at 452, 99 P.3d at 103. Silva appealed. *Id.*

On October 6, 2004, the Hawai'i Supreme Court vacated the Circuit Court's decision, holding that Allstate had a duty to defend and/or indemnify under Ponce's automobile insurance policy

(Policy), and the case was remanded to the Circuit Court. *Id.* at 458-59, 99 P.3d at 109-10. On November 4, 2004, Allstate paid $25,000 to Silva, representing the Policy's limit for bodily injury.

Almost two years later, on July 21, 2006, Silva filed a motion for entry of judgment, for attorneys' fees, and to amend his answer to include a counterclaim (Motion for Judgment/Fees). Allstate opposed the motion, arguing that because the Policy limits had been paid, the case was moot. In addition, Allstate argued that attorneys' fees were unavailable under section 607-14, Hawaii Revised Statutes (HRS), as the action was not in the nature of assumpsit.

On September 28, 2006, the Circuit Court entered the Order re Judgment/Fees and the Final Judgment. The Order re Judgment/Fees granted Silva's request for entry of judgment, awarded Silva $6,250 in attorneys' fees under HRS § 607-14 and $4,212.29 in costs, and denied Silva's request to amend his answer to assert a claim of bad faith. The Circuit Court did not explain the factors that guided it or how it determined the reasonableness of $6,250 in attorneys' fees; however, the amount equals 25% of the Policy's bodily injury limit, which, Allstate explained was the limit of its liability.

II. POINTS OF ERROR

On appeal, Silva contends the Circuit Court erred in failing to award attorneys' fees under HRS §§ 431:10-242, 632-3, and 607-1. Allstate contends the Circuit Court erred in granting Silva's motion for entry of judgment, granting Silva's motion for attorneys' fees under HRS § 607-14, and awarding costs to Silva, among other errors.

III. DISCUSSION

In its Order re Judgment/Fees, the Circuit Court explained its rationale for awarding attorneys' fees under HRS § 607-14:

> As between ALLSTATE and Defendant Ponce, the action was a contract claim. Defendant Ponce did not assert a claim against ALLSTATE. If Defendant Ponce asserted a claim against ALLSTATE, it would have been for a judgment declaring that ALLSTATE had the duty to provide Defendant Ponce with a legal defense and indemnification. The

3

expenses of the legal defense and the funds for indemnification would have been considered damages recovered by Defendant Ponce from ALLSTATE. In this case, SILVA's successful defense of Defendant Ponce's position in this action was the functional equivalent of Defendant Ponce bringing a successful action based upon the contract between ALLSTATE and Defendant Ponce. In other words, the defense was an action in the nature of assumpsit.

. . . Defendant Ponce assigned to SILVA all claims for relief Defendant Ponce may have against ALLSTATE. This included any breach of contract claim arising from ALLSTATE's failure to pay on the liability insurance policy which is the subject of this case. Although the Assignment came after the entry of judgment in this case, the Assignment is another factor which supports the determination that the action between ALLSTATE and SILVA is an action in the nature of assumpsit based upon the contract between ALLSTATE and Defendant Ponce.

In *Chock v. Government Employees Ins. Co.*, 103 Hawai'i 263, 81 P.3d 1178 (2003), the Hawai'i Supreme Court held:

The circuit court erred in awarding attorneys' fees to GEICO pursuant to HRS § 607-14 (Supp. 1998) in this declaratory judgment consolidated action. The relief sought by Chock and GEICO was a declaration as to the applicability of insurance coverage for Chock's injuries, not money damages. As we have previously held, "[w]hen the recovery of money damages is not the basis of a claim factually implicating a contract, the action is not 'in the nature of **assumpsit**.'" *Leslie v. Estate of Tavares,* 93 Hawai'i 1, 7, 994 P.2d 1047, 1053 (2000). An action that seeks only a declaration as to a party's rights or responsibilities, even if factually implicating a contract, is not "in the nature of **assumpsit**." Therefore, GEICO cannot recover attorneys' fees from Chock because HRS § 607-14 does not provide for attorneys' fees in **declaratory judgment** actions.

*Id.* at 268, 81 P.3d at 1183 (emphasis added) (footnote omitted).

This case is not distinguishable from *Chock*. Allstate sought a declaration as to the applicability of insurance coverage, not money damages. Allstate only sought a declaration as to a party's rights or responsibilities, which, under *Chock*, is not in the nature of assumpsit. Therefore, the Circuit Court erred in awarding Silva attorney fees under HRS § 607-14.

The Circuit Court did not abuse its discretion in awarding costs in favor of Silva. "[C]osts shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Haw. R. Civ. Pro. 54(d)(1). A presumption exists in favor of awarding costs to the prevailing party and that presumption must be overcome by the losing party. *Wong v. Takeuchi,* 88 Hawai'i 46, 52, 961 P.2d 611, 617 (1998). "Rule

4

54(d) creates a strong presumption that the prevailing party will recover costs . . . [and that] presumption . . . must be overcome by some showing that an award would be inequitable under the circumstances. The losing party bears the burden of making this showing." *Id.* (quoting 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.101(1)(a-b) (3d ed. 1998). Silva was the prevailing party in the Circuit Court.

The Circuit Court satisfied its obligation to adequately explain its reasons for denying deposition, facsimile and long distance telephone costs to Silva. Allstate, however, has not demonstrated that allowance of the remainder of the requested costs is inequitable under the circumstances.

Silva's points on appeal are either moot or without merit.

IV. CONCLUSION

We vacate the Circuit Court's September 28, 2006 Final Judgment, except to the extent that we affirm the award of costs to Silva.

DATED: Honolulu, Hawai'i, December 9, 2010.

On the briefs:

Phillip L. Carey
for Defendant-Appellant/
Cross-Appellee, Alberto A.F.
Silva

Kevin P.H. Sumida and
Lance S. Au
(Sumida & Tsuchiyama)
for Plaintiff-Appellee/
Cross-Appellant, Allstate
Insurance Company

Presiding Judge

Associate Judge

Associate Judge